## MAGNOLIA PETROLEUM CO. et al.
## v. DAVIS.

No. 30743. Feb. 8, 1944.

Rehearing Denied March 14, 1944.

*146 P. 2d 597.*

B. B. Blakeney, Jr., and Robert W. Richards, both of Oklahoma City, Summers Hardy, of Tulsa, George C. White, of Cushing, Hawley C. Kerr and Max G. Cohen, both of Tulsa, and Swank & Swank, of Stillwater, for plaintiffs in error.

J. M. Springer, of Stillwater, and Leon J. York, of Edmonton, Alberta, Canada, for defendant in error.

GIBSON, V. C. J. This is an action to recover damages to farm land allegedly suffered, as a result of the pollution of a stream by salt water escaping from oil and gas leaseholds operated by the different defendants. Verdict and judgment were for plaintiff, and the defendants appeal.

Plaintiff charged that salt water and other harmful substances such as base sediment had escaped from defendants' premises into a creek running through his land where in dry weather it settled into holes in the creek bed, destroyed the fish, and seeped into the soil on either side, killing some 400 trees and other vegetation on the premises.

Defendants denied the aforesaid allegations, pleaded the two-year statute of limitations, and later were denied the privilege of filing a supplemental answer to include a plea of res judicata.

A number of assignments are presented by the different defendants, but in our opinion we need consider only the action of the court in overruling the separate requests for directed verdict.

On examination of the record we find that the evidence was insufficient to warrant submission to the jury of the issue of causal connection between the alleged illegal act and the injuries complained of.

There is some evidence that a small amount of salt water and some oil escaped from the leases of some of the defendants into the creek. According to the testimony of plaintiff's witnesses the water tasted salty only in dry weather when the stream stopped running and settled into holes in the creek bed. According to some of those witnesses the fish in the stream were killed by the salt water, and the trees were also killed by such water after seepage through the soil from the holes in the creek bed where the water settled in times of drouth. Plaintiff offered no evidence as to the salt content of the water.

The above conclusion of the witnesses that the salt water destroyed the fish and timber was based entirely on the assumption that the salt content was sufficient to bring about that result. That assumption was wholly without foundation in actual experience of the witnesses, or knowledge of the salt content of the water, and without the aid of visible effects peculiarly associated with salt water damage that would in some acceptable degree distinguish the asserted cause of destruction from any number of other possible causes.

The mere fact that water tasted salty

will not support an inference of evidential verity that dead firsh found in such water, and dead trees near by were destroyed as a result of the salt content of the water. Nor will the courts take judicial notice that such result will follow. Shell Petroleum Corp. v. Worley, 185 Okla. 265, 91 P. 2d 679.

The evidence having so failed, the trial court should have sustained the separate motions of defendants for directed verdict. The pronouncement of this court in the case last cited fully governs our decision here. It was there held as follows:

"The court will not take judicial notice that water which merely tastes salty contains sufficient salt to kill or injure growing trees."

And further:

"As a general rule, the proximate cause of an injury in an action for damages based upon tort, is a question of fact for the jury, but where the evidence as a whole, together with all the inferences to be drawn therefrom, is insufficient to point out or show a causal connection between the alleged wrongful acts of the defendant and plaintiff's injury, and there is no element of willful and intentional wrong, it becomes a matter of law for the court."

Defendants showed by the testimony of expert witnesses that numerous scientific tests of the water and soil on plaintiff's land failed to indicate sufficient salt content therein to cause any part of the injuries complained of. That evidence was wholly uncontradicted. However, had defendants produced no such evidence, plaintiff's case would have failed for want of proof of causal connection.

The judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

CORN, C. J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., dissent.